UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| NASSR ABDULLA MOHAMED, et al., | No. 1:19-cv-01345-NONE-SKO |
|---|---|
| Plaintiffs, | ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS |
| v. | |
| MICHAEL POMPEO, Secretary of State, et al., | (Doc. No. 30) |
| Defendants. | |

On September 25, 2019, plaintiffs initiated this action by filing a complaint for declaratory and injunctive relief against defendants Michael Pompeo, William Barr, Kevin McAleenan, the United States Department of State, the United States Department of Homeland Security, the United States Department of Justice, Devin Kennington, and the United States Embassy, Djibouti. (Doc. No. 1.) That same day, plaintiffs filed a motion for an emergency writ of mandamus and preliminary injunction. (Doc. No. 2.) Therein, plaintiffs alleged that plaintiff Muhjah Abdoalnasar Mohammed Ahmed had not been issued a diversity visa for the 2019 application cycle after having won the diversity visa lottery and completing all requirements to obtain the diversity visas for her and her family. (Doc. No. 1.) On September 27, 2019, the previously assigned district judge held that defendants unreasonably delayed processing of the plaintiffs' visa applications in light of the impending statutory deadlines and that all other requirements for mandatory injunctive relief had been satisfied. (Doc. No. 13 at 7.) In so holding, the court mandated the Department of State defendants to issue a decision on the visa applications before

the end of the fiscal year: September 30, 2019. (*Id.*) Over the next two days, defendants refused to adjudicate the Djibouti plaintiffs' visa applications. (*See, e.g.*, Doc. Nos. 17, 18, 20.) On September 29, 2019, the court found defendants in violation of its September 27, 2019 order and again ordered defendants to comply with the original court order requiring the government to adjudicate the matter pursuant to proper procedures. (Doc. No. 24.) On September 30, 2019, defendants submitted a status report informing the court that in the last few hours of the fiscal year, a consular officer in Djibouti had issued visas to plaintiffs. (Doc. No. 25 at 1.)

On December 12, 2019, defendants filed a motion to dismiss plaintiffs' complaint for lack of jurisdiction, arguing that plaintiffs' mandamus lawsuit had been rendered moot because all the visas have been granted. (Doc. No. 30 at 2.) On January 31, 2020, plaintiffs filed a reply, indicating that they agree to dismiss this action because the court has granted the relief that they sought.[1] (Doc. No. 35.) Because plaintiffs have agreed to dismiss the complaint on the grounds that they have obtained the relief sought and, therefore, the action has been rendered moot, the court grants defendants' motion to dismiss. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (internal quotation marks omitted).

## CONCLUSION

For the aforementioned reasons, the court will grant defendants' unopposed motion to dismiss. (Doc. No. 30.) The Clerk of Court is directed to assign a district judge to this matter for the purposes of closure and to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **July 13, 2020**

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' counsel noted that she intends to raise claims in a separate action regarding several parties similarly situated to plaintiffs in this action. (Doc. No. 35.)