UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASSR A MOHAMED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>Defendants. | No. 1:19-cv-01345-DAD-SKO<br><br>ORDER PERMITTING SUPPLEMENTAL BRIEFING CONCERNING MOTION FOR ATTORNEYS' FEES |

Pending before the court is plaintiffs' motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $68,259.49. (Doc. No. 41.) Attorneys' fees may be obtained only by a "prevailing party" under that statute. 28 U.S.C. § 2412(d)(1)(A). The relevant portion of the EAJA defines a "party" as

> (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed . . . .

*Id.* § 2412(d)(1)(D).

Here, defendants argue that plaintiffs have not established that their net worth is less than $2 million. (Doc. No. 43 at 12.) In their reply, plaintiffs respond that plaintiff Nassr A Mohamed has a net worth of less than $2 million and is an owner of a business or other organization worth

1

1   less than $7 million with fewer than 500 employees.  (Doc. No. 44 at 7.)  Plaintiffs cite to various

2   attached tax returns for plaintiff Mohamed but do not direct the court to where in those

3   documents, if anywhere, the relevant information is revealed.  (Doc. Nos. 44-1, 44-2, 44-3.)

4          The court is unable to determine whether or how these tax returns support plaintiffs'

5   position.  *See Am. Pac. Concrete Pipe Co. v. N.L.R.B.*, 788 F.2d 586, 590–91 (9th Cir. 1986)

6   (holding that net worth is determined based on generally accepted accounting principles and is

7   calculated by subtracting total liabilities from total assets); *Bolt v. Merrimack Pharms., Inc.*, 503

8   F.3d 913, 915–17 (9th Cir. 2007) (constructing the term "net worth"); *Freeman v. Mukasey*, No.

9   04-35797, 2008 WL 1960838, at *2 (9th Cir. Feb. 26, 2008) ("An affidavit of the party's net

10  worth is generally sufficient evidence to prove net worth under EAJA." (citing *Broaddus v. U.S.

11  Army Corps of Eng'rs*, 380 F.3d 162, 166–70 (4th Cir. 2004)));[1] *Pollinator Stewardship Council

12  v. EPA*, No. 13-72346, 2017 WL 3096105, at *15–18 (9th Cir. June 27, 2017) (discussing

13  necessity of apportionment of EAJA fees where there are multiple plaintiffs).

14         In addition, plaintiffs seek an hourly rate for their counsel's work of up to $500, to which

15  defendants object as being above the statutory maximum rate.  (Doc. Nos. 41 & 43.)  Plaintiffs

16  cite to the decision in *Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009), for the proposition that

17  rates above the statutory maximum are at times collectible.  (Doc. Nos. 41 at 28–29; 44 at 7–8.)

18  However, the court in *Nadarajah* also discussed the type of evidence required to establish

19  whether a special factor enhancement is justified.  569 F.3d at 912–18.  Plaintiffs have not

20  proffered sufficient evidence in this regard.  For instance, plaintiffs argue that their counsel's

21  hourly rates are reasonable and that qualified counsel were not available at the statutory rate, but

22  they do not provide sufficient evidence establishing those facts.  It is possible that relevant

23  records are included in the voluminous documents attached by counsel to plaintiffs' submission.

24  However, it is not the court's responsibility to sift through these materials.  Counsel must

25  /////

26

---

27  [1] Citation to this and the other unpublished Ninth Circuit opinion cited herein is appropriate pursuant to Ninth Circuit Rule 36-3(b).

28

specifically identify and discuss the factual material relied upon in support of plaintiffs' contentions.

Accordingly,

1. Within 14 days of the date of entry of this order, plaintiffs may file supplemental briefing or documentation concerning the issues discussed herein; and
2. Within 14 days of the date plaintiffs file any supplemental briefing or documentation, defendants may file a reply to such briefing or documentation.

IT IS SO ORDERED.

Dated: __October 13, 2021__            /s/ Dale A. Drozd
                                       UNITED STATES DISTRICT JUDGE