1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NASSR A MOHAMED, et al.,                Case No.  1:19-cv-01345-JLT-SKO

12                Plaintiffs,                ORDER GRANTING IN PART MOTION
                                             FOR ATTONREYS' FEES
13           v.
                                             (Doc. 41)
14   WILLIAM BARR, et al.,

15                Defendants.

16

17          Before the court is plaintiffs' motion for attorneys' fees and costs pursuant to the Equal

18   Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), in the amount of $68,259.49.  (Doc. No. 41.)

19   Defendants, who are various federal-government officials, filed an opposition, to which plaintiffs

20   responded.  (Doc. Nos. 43 & 44.)  The court permitted supplemental briefing by both parties.

21   (Doc. No. 46.)  Plaintiffs filed supplemental briefing on November 13, 2021.  (Doc. No. 48.)

22   Defendants have not filed supplemental briefing, and the deadline to do so has expired.

23                                      **BACKGROUND**

24          On September 25, 2019, plaintiffs initiated this action by filing a complaint for declaratory

25   and injunctive relief against Defendants Michael Pompeo, William Barr, Kevin McAleenan, the

26   United States Department of State, the United States Department of Homeland Security, the

27   United States Department of Justice, Devin Kennington, and the United States Embassy, Djibouti.

28   (Doc. No. 1.)  That same day, Plaintiffs filed a motion for an emergency writ of mandamus and

                                              1

preliminary injunction.  (Doc. No. 2.)  Therein, Plaintiffs alleged that Plaintiff Muhjah Abdoalnasar Mohammed Ahmed had not been issued a diversity visa for the 2019 application cycle after having won the diversity visa lottery and completing all requirements to obtain the diversity visas for her and her family.  (Doc. No. 1.)  On September 27, 2019, a previously assigned district judge held that defendants unreasonably delayed processing of the plaintiffs' visa applications in light of the impending statutory deadlines and that all other requirements for mandatory injunctive relief had been satisfied.  (Doc. No. 13 at 7.)  In so holding, the court mandated the Department of State defendants to issue a decision on the visa applications before the end of the fiscal year:  September 30, 2019.  (*Id.*)  Over the next two days, Defendants refused to adjudicate the Djibouti plaintiffs' visa applications.  (*See, e.g.*, Doc. Nos. 17, 18, 20.)  On September 29, 2019, the Court found Defendants in violation of its September 27, 2019 order and again ordered Defendants to comply with the original court order requiring the government to adjudicate the matter pursuant to proper procedures.  (Doc. No. 24.)  On September 30, 2019, Defendants submitted a status report informing the court that in the last few hours of the fiscal year, a consular officer in Djibouti had issued visas to plaintiffs.  (Doc. No. 25 at 1.)

On December 12, 2019, Defendants filed a motion to dismiss Plaintiffs' complaint for lack of jurisdiction, arguing that Plaintiffs' mandamus lawsuit had been rendered moot because all the visas have been granted.  (Doc. No. 30 at 2.)  On January 31, 2020, Plaintiffs filed a reply, indicating that they agree to dismiss this action because the court has granted the relief that they sought.  (Doc. No. 35.)  Accordingly, the court dismissed the complaint and granted judgment in favor of Defendants.  (Doc. Nos. 39 & 40.)

In their motion for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), Plaintiffs seek an award of $68,259.49 based on 144 hours of work among three counsel (ranging from $300–$500 per hour), two law clerks ($150 per hour) and three paralegals ($80 per hour).  (Doc. No. 41.)  After Defendants filed an opposition and Plaintiffs replied, the Court permitted additional briefing about the requested hourly rates.  (Doc. 46.)  Plaintiffs filed a timely supplemental brief, (Doc. 49), and Defendants did not file a supplemental reply.

1    **LEGAL STANDARDS**

2    EAJA provides:

3    > [A] court shall award to a prevailing party other than the United
4    > States fees and other expenses ... in any civil action ... including
     > proceedings for judicial review of an agency action, brought by or
     > against the United States in any court having jurisdiction of that
5    > action, unless the court finds that the position of the United States
     > was substantially justified or that special circumstances make an
6    > award unjust.

7    28 U.S.C. § 2412(d)(1)(A).  A "prevailing party" is eligible for attorneys' fees, costs, and other

8    expenses under EAJA if it incurred costs of litigation against the federal government and meets

9    applicable size or net worth criteria.  *Id.,* 28 U.S.C. § 2412(d)(2).

10       To be awarded attorneys' fees and costs pursuant to EAJA, Plaintiffs must set forth: (1) a

11   showing that they are the prevailing party; (2) a showing that they are eligible to receive an

12   award; (3) a statement of the amount sought together with an itemized account of time expended

13   and rates charged; and (4) an allegation that the position of the United States was not substantially

14   justified.  28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi,* 541 U.S. 401, 408 (2004).  If

15   Plaintiffs satisfy the requirements, the burden shifts to Defendants to establish that their position

16   in the underlying action was justified substantially to preclude an award of attorneys' fees and

17   costs.  *Oregon Nat. Resources Council v. Marsh,* 52 F.3d 1485, 1492 (9th Cir. 1995).  If

18   Defendants' position was not justified substantially in law or fact, then Plaintiffs are entitled a

19   reasonable award of attorneys' fees and costs.  *See Pierce v. Underwood,* 487 U.S. 552, 565

20   (1988) (position is substantially justified only if it has a reasonable basis in both law and fact).

21       **DISCUSSION**

22       Plaintiffs seek fees and costs in the amount of $68,259.49 under the EAJA.  (Doc. No. 41

23   at 11.)  Defendants argue that the motion should be denied because their position was

24   substantially justified and plaintiffs' application for attorneys' fees was deficient.  (Doc. No. 43 at

25   5–15.)  They do not contest, however, that Plaintiffs prevailed.  (*Id.* at 5 ("The United States does

26   not dispute that based on the Court's orders four days into this case was in active litigation,

27   plaintiffs were the prevailing party.").)

28   ///

                                                3

1  **A.     Substantial Justification**

2        Defendants argue that their position in litigation was substantially justified, thus

3  precluding an EAJA award of attorneys' fees and costs.  (Doc. No. 43 at 5–11.)  " 'Substantial

4  justification' under the EAJA means that the government's position must have a 'reasonable basis

5  both in law and fact,' i.e., the government need not be 'justified to a high degree,' but rather

6  'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable

7  person." *Wang v. Horio,* 45 F.3d 1362, 1364 (9th Cir. 1995) (quoting *Bay Area Peace Navy v.*

8  *United States,* 914 F.2d 1224, 1230 (9th Cir.1990)).  Thus, the court employs a "reasonableness"

9  standard to determine whether the government's position was "substantially

10  justified." *Id.; Flores v. Shalala,* 49 F.3d 562, 569 (9th Cir.1995).  "The government's failure to

11  prevail does not raise a presumption that its position was not substantially justified." *Kali v.*

12  *Bowen,* 854 F.2d 329, 332 (9th Cir.1988).  Similarly, "arbitrary and capricious conduct is not per

13  se unreasonable." *Id.* at 333.  "To be 'substantially justified' means, of course, more than merely

14  undeserving of sanctions for frivolousness; that is assuredly not the standard for Government

15  litigation of which a reasonable person would approve." *Pierce,* 487 U.S. at 566.

16        The "substantial justification" determination requires a two-step inquiry.  The first step

17  considers whether, under the totality of the circumstances, "the government was substantially

18  justified in taking its original action" at the agency level.  *Kali,* 854 F.2d at 332.  Next, the Court

19  must determine "whether the government was substantially justified in defending the validity of

20  the action in court." *Id.*  The government must have been justified at both the agency level and

21  during litigation.  *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991).  In determining

22  reasonableness of the government's position, the court considers the action as "an inclusive

23  whole, rather than as atomized line-items." *INS v. Jean,* 496 U.S. 154, 161–62 (1990).

24        First, the Court has already found that the agency's failure to adjudicate the application

25  was unreasonable when issuing the writ of mandamus.  It was the agency's unreasonable actions

26  which caused the court to issue the writ of mandamus, which is "a drastic and extraordinary"

27  remedy.  *Cheney v. U.S. Dist. Court for D.C.,* 542 U.S. 367, 380 (2004).  Even after the Court

28  ordered the agency to adjudicate the applications, the agency proceeded to deny them on grounds

4

1    that were "facially inapplicable to the visa applications at issue in this case." (Doc. 19 (Court's

2    September 28, 2019 order).) Due to this conduct, which was contrary to the Court's previous

3    order, the Court was "inclined to find that the bad faith exception to the doctrine of consular

4    nonreviewability applies here in light of the facial inapplicability of the cited basis for the

5    denials." (*Id.*) Given the continued noncompliance, the Court found Defendants violated the

6    Court's order and sanctioned them. (Doc. 24.) Thus, not only did the agency act so unreasonably

7    that the Court issued the drastic and extraordinary remedy of a writ of mandamus, but the agency

8    refused to comply with a court order and inclined the Court to find it was acting in bad faith.

9    Thus, the government's conduct was not substantially justified.

10   **B.      Eligibility to Receive Award**

11          Defendants argued in their opposition to the motion for attorneys' fees that Plaintiffs did

12   not submit an application establishing that their net worth is less than $2 million. (Doc. No. 43 at

13   12.) In their reply, Plaintiffs argue that Plaintiff Nassr A. Mohamed has a net worth of less than

14   $2 million and is an owner of a business or other organization worth less than $7 million with less

15   than 500 employees. (Doc. 44 at 7.) The Court found that Plaintiffs' reply was insufficient and

16   permitted further briefing. (Doc. 46.) Plaintiffs filed further briefing and accompanying

17   declarations (Doc. 49), to which Defendants did not reply.

18          Plaintiffs adequately have established that all Plaintiffs have a net worth of less than $2

19   million and any businesses owned are worth less than $7 million and have fewer than 500

20   employees. *See Am. Pac. Concrete Pipe Co. v. N.L.R.B.*, 788 F.2d 586, 590–91 (9th Cir. 1986)

21   (holding that net worth is determined based on generally accepted accounting principles and is

22   calculated by subtracting total liabilities from total assets); *Bolt v. Merrimack Pharms., Inc.*, 503

23   F.3d 913, 915–17 (9th Cir. 2007) (constructing the term "net worth"); *Freeman v. Mukasey*, No.

24   04-35797, 2008 WL 1960838, at *2 (9th Cir. Feb. 26, 2008) (unreported) ("An affidavit of the

25   party's net worth is generally sufficient evidence to prove net worth under EAJA." (citing

26   *Broaddus v. U.S. Army Corps of Eng'rs*, 380 F.3d 162, 166–70 (4th Cir. 2004))).

27   ///

28   ///

**C.     Size of Award**

Fees awarded pursuant to a fee-shifting statute must be reasonable, and the party seeking those fees bears the burden of proving that they are reasonable.  *See* 28 U.S.C. § 2412(d)(2)(A), *Hensley*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended.").  "The Court has an independent duty to review evidence of hours worked and tasks undertaken to determine the reasonableness of the fees requested for the case."  *Hill v. Comm'r of Soc. Sec.*, 428 F. Supp. 3d 253, 263 (E.D. Cal. 2019) (citing *Hensley*, 461 U.S. at 433, 436–47).

1.     Hourly Rates

"EAJA provides that fees may be awarded based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  *Nadarajah v. Holder*, 569 F.3d 906, 911 (9th Cir. 2009) (citing 28 U.S.C. § 2412(d)(2)(A)).  That $125 maximum has since increased due to the cost of living; in 2019, it was $205.25.  *Statutory Maximum Rates Under the Equal Access to Justice*, U.S. Courts for the Ninth Circuit https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last accessed Jan. 10, 2022).  Rates above the statutory maximum are permissible "based on the special factor of the limited availability of qualified attorneys for the proceedings involved may be awarded under EAJA where the attorneys possess distinctive knowledge and specialized skill that was needful to the litigation in question and not available elsewhere at the statutory rate."  *Nadarajah*, 569 F.3d at 912 (internal quotation marks and citations omitted).  Among other requirements, a party seeking an enhanced rate must "show that the requested enhanced rates are in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 916 (citing *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984)) (internal quotation marks omitted).

Plaintiffs seek an award of $68,259.49 based on 144 hours of work among three counsel (ranging from $300–$500 per hour), two law clerks ($150 per hour) and three paralegals ($80 per

hour).[1] (Doc. 49-1 at 39 ¶ 17.)  In their supplemental briefing, Plaintiffs provide a declaration

from counsel Julie Goldberg, who states she specializes in immigration law, has been an attorney

since 2004, and her "hourly billing rate for 2019 was $500 per hour." (Doc. 49-1 at 35.)

Goldberg also provides evidence that her firm has English and Arabic speakers and provides the

only American lawyers with "a law office in Djibouti catering to the specific needs of Yemen

nationals who require embassy services at the Djibouti embassy in light of the closure of the Sana

Embassy in Yemen." (*Id.* at 44.)  She also avers, and provides reasoning for, the need for

specialization in this matter.  She also provides argument for why attorneys were not available at

the statutory rate:  not only did the matter require specialization and Arabic speakers, but it also

required very tight deadlines and weekend work.  (Doc. 41 at 30–31.)

        After Defendants argued that Plaintiffs failed to establish their hourly rates, (Doc. 43 at

12–15), the Court provided Plaintiffs another opportunity to establish that they are entitled to an

enhanced fee, (Doc. 46).  Although Plaintiffs might be able to receive enhanced hourly rates, they

have failed to establish what those rates should be.  Plaintiffs do not provide any evidence of

"rates prevailing in the community for similar services by lawyers of reasonably comparable skill,

experience and reputation." *Nadarajah*, 569 F.3d at 916.  Plaintiffs provide no evidence about

two of their attorneys' qualifications, other than they began to practice law in New York in 2015

and 2016.  (Doc. 41 at 29 n. 17) This does not establish their skill, experience, and reputation.

Accordingly, the Court will award hourly rates for these attorneys at 2019's statutory maximum

rate of $205.25.

        Next, Plaintiffs seek rates of $80 for paralegals and $150 for law clerks.[2]  Plaintiffs do not

argue or provide any evidence for why these rates are reasonable.  Defendants contest only the

rate of $150 per hour for law clerks, arguing that this should be reduced to $125 because they are

---

[1] The office manager's billing was included on the time sheet also, but Plaintiff makes no claim
for reimbursement for this time.

[2] *See Greenpeace, Inc. v. Stewart*, 2020 WL 2465321, at *8 (9th Cir. May 12, 2020)
(unpublished) (awarding fees for certified student law clerks); *Patel v. Att'y Gen. of the U.S.*, 426
F. App'x 116, 119 n.7 (3d Cir. 2011) ("Work conducted by associate attorneys, like that of
experts, paralegals and other support staff, is recoverable under the EAJA." (citing *Richlin Sec.
Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008)); *Armstrong v. Brown*, 805 F. Supp. 2d 918, 921–
22 (N.D. Cal. 2011) (including time spent by law clerks and office manager in EAJA award).

1  not admitted to practice law.  The Court agrees and will reduce their hourly rate to $125.  *See also*

2  *Ingram v. Oroudijan*, 647 F.3d 925, 928 (9th Cir.2011) (finding district court had not abused its

3  discretion by relying in part on its own knowledge and experience regarding customary rates in

4  the legal market); *Tate v. Colvin*, No. 1:11-CV-01643-SKO, 2013 WL 5773047, at *9 (E.D. Cal.

5  Oct. 24, 2013) (granting award to law clerk time prior to passing the bar at $150/hour).

6        With respect to Plaintiffs' requested rate of $80/hour for paralegals, paralegal's rates

7  within the Eastern District range between $75 to approximately $150.00, depending on

8  experience.  *Schmidt v. City of Modesto*, 2018 WL 6593362, at *6 (E.D. Cal. Dec. 14, 2018) ("the

9  reasonable rate of compensation for a paralegal would be between $75.00 to $150.00 per hour

10  depending on experience"); *see also Phillips 66 Co. v. Cal. Pride*, 2017 WL 2875736, at *15

11  (E.D. Cal. July 6, 2017) (identifying the same range of hourly rates); *Trujillo v. Singh*, 2017 WL

12  1831941 at *3 (E.D. Cal. May 8, 2017) (finding requested hourly rates of $95-115 were

13  reasonable within the Eastern District).  The requested rate of $80 per hour is at the low end of

14  the range.  However, given the overall inadequacy of the support in this motion, the Court awards

15  $75 per hour.

16                  2.     Hours Reasonably Expended

17        A fee applicant must provide records documenting the tasks completed and the amount of

18  time spent.  *Hensley,* 461 U.S. at 424 (1983).  There are several relevant reasons that courts

19  reduce the number of requested hours.

20        First, a court may reduce a fee award when "documentation of hours is inadequate."

21  *Hensley*, 461 U.S. at 433.  Counsel has a burden to document the hours expended and do so in "in

22  a manner that will enable a reviewing court to identify distinct claims."  *Hensley*, 461 U.S. at 437.

23  The Court may reduce hours to offset the "poorly documented" billing.  *Fischer v. SJB-P.D. Inc*.,

24  214 F.3d 1115, 1121 (9th Cir. 2000); *see also Mendez v. County of San Bernardino*, 540 F.3d

25  1109 (9th Cir. 2008) (finding district courts have broad discretion to reduce the number of hours

26  included in the fee award where the billing records are vague, insufficiently descriptive, or

27  inflated). This Court and others in the Ninth Circuit have reduced fee awards where the billing

28  entries were too vague to conduct "a meaningful review" or determine whether the time expended

1  was reasonable.  *See, e.g., McCarthy v. R.J. Reynolds Tobacco Co.,* 2011 WL 4928623, at *4

2  (E.D. Cal. Oct. 17, 2011) (reducing time for a fee award where "most of the entries refer only

3  generally to 'legal research' and 'conversations with [co-counsel]' without identifying the subject

4  of the research or conversations"); *Nolan v. City of Los Angeles,* 2014 WL 12564127, at *7 (C.D.

5  Cal. Feb. 10, 2014) (criticizing "entries that merely indicate that an email was sent or that a phone

6  call was made without describing in any way the reason for or topic of the particular

7  correspondence" and reducing the lodestar).

8  　　　　Second and relatedly, matters can be improperly recorded.  One form of improper

9  recording is "[b]lock billing, which bundles tasks in a block of time, [and thus] makes it

10  extremely difficult for a court to evaluate the reasonableness of the number of hours expended."

11  *Aranda v. Astrue*, 2011 U.S. Dist. LEXIS 63667, at *13 (D. Ore. June 8, 2011); *see also Welch v.*

12  *Metro. Life Ins. Co*., 480 F.3d 942, 948 (9th Cir. 2007) ("block billing makes it more difficult to

13  determine how much time was spent on particular activities").  Accordingly, the Ninth Circuit has

14  explained that, where time is billed in "blocks," the Court may "simply reduce[] the fee to a

15  reasonable amount." *Fischer*, 214 F.3d at 1121; *see also Welch*, 480 F.3d at 948 ("We do not

16  quarrel with the district court's authority to reduce hours that are billed in block format.").

17  Third, "purely clerical or secretarial tasks should not be billed at a paralegal or [lawyer's] rate,

18  regardless of who performs them."  *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  As a

19  result, courts have approved of elimination of clerical tasks from fee awards.  *See, e.g.,*

20  *Nadarajah*, 569 F.3d at 921; *see also Harris v. L & L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir.

21  1997) (approving the deduction of hours spent on secretarial tasks from the lodestar calculation).

22  Such tasks may include: "creating indexes for a binder; filing emails, memoranda, and other

23  correspondence; updating the case calendar with new dates; copying, scanning, and faxing

24  documents; and filing or serving documents." *Moore v. Chase, Inc.*, 2016 (E.D. Cal. July 7,

25  2016) (citing *Prison Legal News v. Schwarzenegger*, 561 F.Supp.2d 1095, 1102 (N.D. Cal.

26  2008)).

27  　　　　Defendants argue that the number of hours should be reduced by (1) pre-litigation work,

28  other than time researching matters for the complaint and drafting the complaint itself (the first

1    eight entries) and (2) work conducted after the visas were awarded on September 30, 2019.  (Doc.

2    43 at 12 & 15.)  In addition, Defendants object to the $3,567 travel expenses awarded because

3    "the litigation in this case was entirely telephonic over the five days of active litigation" and

4    therefore there is no support for travel expenditures.  (*Id.* at 15.)  Plaintiffs did not address these

5    arguments, nor did they adequately detail their expenditures.  Accordingly, the Court will reduce

6    the hours and fee request accordingly.

7         Finally, it appears that some matters were excessively or double billed.  For instance, on

8    September 20 and 23, a law clerk spent a total of 14 hours on researching and drafting the

9    summons complaint.  On September 23 and 24, Goldberg spent two hours supervising the

10   preliminary research and eight hours reviewing and signing off on the draft summons and

11   complaint.  This total of 24 hours appears to be excessive, and the Court will reduce the hours to a

12   reasonable level.  Additionally, on September 28, there are two entries by counsel Mehgan

13   Gallagher for "research and drafting."  These amounts are either too vague or are double-billed,

14   and the Court will therefore reduce the amount billed.

15        At the appendix to this order, the Court has included a table showing Plaintiffs' request

16   and the amounts awarded through September 29, 2019 and any reasons for reduction in the hours

17   billed.  The Court has chosen that date because on September 30, Defendants filed a status report

18   indicating that they were granting the requested relief.

**CONCLUSION**

20        Accordingly, Plaintiffs' motion for attorneys' fees (Doc. 41) is granted in part, in the

21   amount of $25,952.18.

22   IT IS SO ORDERED.

23        Dated:   __January 18, 2022__

24                                                    UNITED STATES DISTRICT JUDGE

10

**APPENDIX**

| Date | Action | Rate sought | Hours sought | Final rate | Final hours | Reason | Award |
|---|---|---|---|---|---|---|---|
| 8/26/2019 | Paralegal Ali Abdo e-mail correspondence with U.S. Embassy | $80 | 0.5 | $75.00 | 0 | Pre-litigation | $0.00 |
| 8/27/2019 | Paralegal Ali Abdo e-mail correspondence with U.S. Embassy | $80 | 0.33 | $75.00 | 0 | Pre-litigation | $0.00 |
| 8/29/2019 | Paralegal Ali Abdo e-mail correspondence with U.S. Embassy | $80 | 0.33 | $75.00 | 0 | Pre-litigation | $0.00 |
| 9/3/2019 | Paralegal Ali Abdo e-mail correspondence with U.S. Embassy | $80 | 0.25 | $75.00 | 0 | Pre-litigation | $0.00 |
| 9/3/2019 | Paralegal Ali Abdo DS-260 preparation | $80 | 4 | $75.00 | 0 | Pre-litigation | $0.00 |
| 9/4/2019 | Paralegal Ali Abdo e-mail correspondence with U.S. Embassy | $80 | 0.25 | $75.00 | 0 | Pre-litigation | $0.00 |
| 9/16/2019 | Law Clerk Melani Di Meglio email correspondence with U.S. Embassy | $150 | 0.33 | $125.00 | 0 | Pre-litigation | $0.00 |
| 9/18/2019 | Law Clerk Melani Di Meglio email correspondence with U.S. Embassy | $150 | 0.33 | $125.00 | 0 | Pre-litigation | $0.00 |
| 9/20/2019 | Federal Litigation department strategy meeting | $500 | 1 | $0.00 | 0 | Vague | $0.00 |
| 9/20/2019 | Law Clerk Robert Ruano initial complaint research | $150 | 6 | $125.00 | 3 | Excessive | $375.00 |
| 9/23/2019 | Paralegal Amir Ali evidence preparation and compilation | $80 | 8.25 | $75.00 | 5 | Excessive | $375.00 |
| 9/23/2019 | Law Clerk Robert Ruano prepared Summons and Complaint research, outline, and initial draft under the supervision of Attorney Julie Goldberg | $150 | 8 | $125.00 | 5 | Block billing or excessive | $625.00 |
| 9/23/2019 | Managing Partner Julie Goldberg supervised preliminary research | $500 | 2 | $205.25 | 2 | | $410.50 |
| 9/24/2019 | Federal Litigation department strategy meeting | $500 | 2 | $0.00 | 0 | Vague / Duplicative | $0.00 |

11

| Date | Action | Rate sought | Hours sought | Final rate | Final hours | Reason | Award |
|---|---|---|---|---|---|---|---|
| 9/24/2019 | Senior Attorney Eric Hisey drafting motion for TRO and memo in support. Supervising evidence prep | $450 | 10 | $205.25 | 10 | | $2,052.50 |
| 9/24/2019 | Paralegal Amir Ali affidavit taking/preparation and evidence tabbing | $80 | 9 | $75.00 | 4 | Clerical / Block billing | $300.00 |
| 9/24/2019 | Law Clerk Robert Ruano communication with opposing Counsel | $150 | 2 | $125.00 | 0.5 | Vague | $62.50 |
| 9/24/2019 | Law Clerk Robert Ruano drafting Ex Parte Proposed Order | $150 | 1 | $125.00 | 1 | | $125.00 |
| 9/24/2019 | Law Clerk Robert Ruano drafted Atty Goldberg Affidavit | $150 | 1 | $125.00 | 1 | | $125.00 |
| 9/24/2019 | Law Clerk Robert Ruano legal research re:local rules | $150 | 1.5 | $125.00 | 0.5 | Excessive | $62.50 |
| 9/24/2019 | Law Clerk Robert Ruano drafted Civil Case Cover Sheet | $150 | 0.33 | $125.00 | 0 | Clerical | $0.00 |
| 9/24/2019 | Managing Julie Goldberg reviewed and revised initial draft of complaint | $500 | 3 | $205.25 | 1 | Excessive | $615.00 |
| 9/24/2019 | Attorney Julie Goldbreg final draft complaint and signed off on summons. | $500 | 5 | $205.25 | 3 | Clerical / Block billing / Excessive | $615.75 |
| 9/24/2019 | Paralegal Chris Lewis evidence, converting to pdf and e-filing prep | $80 | 2.5 | $75.00 | 1 | Clerical / Block billing | $75.00 |
| 9/24/2019 | Law Clerk Robert Ruano e-filing | $150 | 1.25 | $125.00 | 0 | Clerical | $0.00 |
| 9/24/2019 | Office Manager Karla Anzora printing remotely for hard copies in Fresno. | $150 | 3 | 0 | 0 | Vague | $0.00 |
| 9/25/2019 | Paralegal Amir Ali client contact | $80 | 2 | $75.00 | 2 | | $150.00 |
| 9/25/2019 | Paralegal Amir Ali Court contact | $80 | 0.5 | $75.00 | 0 | Court contact | $0.00 |
| 9/25/2019 | Paralegal Amir Ali finalized and scanned evidence | $80 | 1 | $75.00 | 0.5 | Clerical / Block billing | $37.50 |
| 9/25/2019 | Law Clerk Robert Ruano reformatting Ex Parte motion | $150 | 1.75 | $125.00 | 0 | Clerical | $0.00 |

| Date | Action | Rate sought | Hours sought | Final rate | Final hours | Reason | Award |
|------|--------|-------------|--------------|------------|-------------|--------|-------|
| 9/25/2019 | Paralegal Chris Lewis caption corrections and e-filing Complaint, TRO motion, Summons | $80 | 2 | $75.00 | 0 | Clerical | $0.00 |
| 9/25/2019 | Managing Partner Julie Goldberg supervising corrections and e-filing. | $500 | 0.33 | $205.25 | 0 | Clerical | $0.00 |
| 9/25/2019 | Law Cerk Robert Ruano phone call with Fresno Court Clerk Tim | $150 | 0.33 | $125.00 | 0 | Court contact | $0.00 |
| 9/25/2019 | Law Cerk Robert Ruano phone call with Fresno Court Clerk Tim | $150 | 0.1 | $125.00 | 0 | Court contact | $0.00 |
| 9/25/2019 | Law Clerk Robert Ruano phone call with Judicial Assistant Astoosa Esmail | $150 | 0.1 | $125.00 | 0 | Court contact | $0.00 |
| 9/25/2019 | Law Clerk Robert Ruano email correspondence | $150 | 0.5 | $125.00 | 0 | Vague | $0.00 |
| 9/25/2019 | Managing Partner Julie Goldberg review of Scheduling Conference Order | $500 | 0.25 | $205.25 | 0.25 | | $51.31 |
| 9/25/2019 | Managing Partner Julie Goldberg review of Docket Entry | $500 | 0.1 | $205.25 | 0.1 | | $20.53 |
| 9/25/2019 | Managing Partner Julie Goldberg review of Docket Entry | $500 | 0.1 | $205.25 | 0 | Duplicative | $0.00 |
| 9/25/2019 | Managing Partner Julie Goldberg review of minute order | $500 | 0.33 | $205.25 | 0 | Duplicative | $0.00 |
| 9/26/2019 | Managing Partner Julie Goldberg and Office Manager Karla Anzora Travel from Los Angeles to Fresno | $650 | 3.5 | $205.25 | 3.5 | | $718.38 |
| 9/26/2019 | Managing Partner Julie Goldberg and Office Manager Karla Anzora trial prep | $650 | 1 | $205.25 | 1 | | $205.25 |
| 9/26/2019 | Managing Partner Julie Goldberg and Karla Anzora attended Federal Court hearing | $650 | 1.5 | $205.25 | 1.5 | | $307.88 |

| Date | Action | Rate sought | Hours sought | Final rate | Final hours | Reason | Award |
|---|---|---|---|---|---|---|---|
| 9/25/2019 | Attorney Mehgan Gallagher research and paralegal supervision | $300 | 4 | $205.25 | 3.6 | Block billing/Vague | $738.90 |
| 9/26/2019 | Paralegal Chris Lewis preparation and e-filing of Exhibit QQ | $80 | 2 | $75.00 | 1.8 | Clerical / Block billing | $135.00 |
| 9/26/2019 | Managing Partner Julie Goldberg supervising preparations and e-filing. | $500 | 0.5 | $205.25 | 0.4 | Clerical / Block billing | $82.10 |
| 9/26/2019 | Managing Partner Julie Goldberg review of docket entry, opposition to Motion for TRO | $500 | 0.33 | $205.25 | 0.33 |  | $67.73 |
| 9/26/2019 | Federal Litigation department strategy meeting | $500 | 0.5 |  | 0 | Vague | $0.00 |
| 9/26/2019 | Law Clerk Robert Ruano communication with opposing Counsel | $150 | 1 | $125.00 | 0.5 | Excessive | $62.50 |
| 9/26/2019 | Law Clerk Robert Ruano CA Lottery Research | $150 | 3 | $125.00 | 3 |  | $375.00 |
| 9/26/2019 | Law Clerk Robert Ruano drafting oral argument memo | $150 | 2 | $125.00 | 2 |  | $250.00 |
| 9/26/2019 | Law Clerk Robert Ruano 3rd party research | $150 | 1 | $125.00 | 1 |  | $125.00 |
| 9/26/2019 | Law Clerk Robert Ruano venue research | $150 | 1.5 | $125.00 | 1.5 |  | $187.50 |
| 9/26/2019 | Law Clerk Robert Ruano drafted memo re: venue | $150 | 1 | $125.00 | 1 |  | $125.00 |
| 9/26/2019 | Attorney Mehgan Gallagher research on COA strategy | $300 | 1 | $205.25 | 1 |  | $205.25 |
| 9/26/2019 | Managing partner Julie Goldberg review, edit and drafting | $500 | 0.75 | $205.25 | 0.75 |  | $153.94 |
| 9/26/2019 | Senior Attorney Eric Hisey research and drafting for supplemental briefing | $450 | 14 | $205.25 | 14 |  | $2,873.50 |
| 9/26/2019 | Plaintiff's reply to response to TRO |  |  |  | 0 |  | $0.00 |
| 9/27/2019 | Law Clerk Robert Ruano review of docket entry | $150 | 0.5 | $125.00 | 0.5 |  | $62.50 |

| Date | Action | Rate sought | Hours sought | Final rate | Final hours | Reason | Award |
|---|---|---|---|---|---|---|---|
| 9/27/2019 | Managing Partner Julie Goldberg review of docket entry | $500 | 0.1 | $205.25 | 0.1 | | $20.53 |
| 9/27/2019 | Law Clerk Robert Ruano Djibouti Embassy hours evidence exhibit | $150 | 0.5 | $125.00 | 0.5 | | $62.50 |
| 9/27/2019 | Law Clerk Robert Ruano drafted reply to EOT Motion | $150 | 2 | $125.00 | 2 | | $250.00 |
| 9/27/2019 | Managing Partner Julie Goldberg and Office Manager Karla Anzora Travel from Fresno to Los Angeles | $650 | 3.5 | $205.25 | 3.5 | | $718.38 |
| 9/27/2019 | Law Clerk Robert Ruano legal research re:Fam Code | $150 | 0.5 | $125.00 | 0.5 | | $62.50 |
| 9/27/2019 | Law Clerk Robert Ruano drafted certificate of service | $150 | 0.25 | $125.00 | 0 | Clerical | $0.00 |
| 9/27/2019 | Managing Partner Julie Goldberg review and edit of EOT motion final draft. Approval of Certificate of Service | $500 | 1 | $205.25 | 0.9 | Block billing | $184.73 |
| 9/27/2019 | Law Clerk Robert Ruano filed respone to EOT motion | $150 | 0.5 | $125.00 | 0 | Clerical | $0.00 |
| 9/27/2019 | Law Clerk Robert Ruano reviewed court's order on EOT motion | $150 | 0.25 | $125.00 | 0.25 | | $31.25 |
| 9/27/2019 | Managing Partner Julie Goldberg reviewed court order | $500 | 0.2 | $205.25 | 0.2 | | $41.05 |
| 9/27/2019 | Paralegal Amir Ali case law research | $80 | 5 | $75.00 | 3 | | $225.00 |
| 9/27/2019 | Paralegal Amir Ali venue/standing research | $80 | 2 | $75.00 | 1 | | $75.00 |
| 9/27/2019 | Attorney Mehgan Gallagher research and drafting | $300 | 4 | $205.25 | 4 | | $821.00 |
| 9/27/2019 | Senior Attorney Eric Hisey research and drafting for supplemental briefing | $450 | 8.5 | $205.25 | 8.5 | | $1,744.63 |
| 9/28/2019 | Law Clerk Robert Ruano reviewed docket entry | $150 | 0.2 | $125.00 | 0.2 | Duplicative or Excessive | $0.00 |

| Date | Action | Rate sought | Hours sought | Final rate | Final hours | Reason | Award |
|------|--------|-------------|--------------|------------|-------------|--------|-------|
| 9/28/2019 | Managing Partner Julie Goldberg reviewed docket entry | $500 | 0.2 | $205.25 | 0.2 | | $41.05 |
| 9/28/2019 | Law Clerk Robert Ruano reviewed docket entry | $150 | 0.2 | $125.00 | 0 | Duplicative or Excessive | $0.00 |
| 9/28/2019 | Managing Partner Julie Goldberg reviewed docket entry | $500 | 0.2 | $205.25 | 0.2 | | $100.00 |
| 9/28/2019 | Law Clerk Robert Ruano legal research MTC | $150 | 2 | $125.00 | 2 | | $250.00 |
| 9/28/2019 | Law Clerk Robert Ruano drafting Motion to Compel | $150 | 2 | $125.00 | 2 | | $25.00 |
| 9/28/2019 | Law Clerk Robert Ruano reviewed Przhebelskaya Court Order | $150 | 1 | $125.00 | 0 | Duplicative | $0.00 |
| 9/28/2019 | Law Clerk Robert Ruano authority research | $150 | 0.5 | $125.00 | 0 | Duplicative | $0.00 |
| 9/28/2019 | Law Clerk Robert Ruano formatted Motion to Compel | $150 | 0.25 | $125.00 | 0 | Clerical | $0.00 |
| 9/28/2019 | Attorney Mehgan Gallagher research and drafting | $300 | 4 | $205.25 | 0 | Duplicative or Excessive | $0.00 |
| 9/28/2019 | Attorney Mehgan Gallagher research and drafting | $300 | 6 | $205.25 | 6 | | $1,231.50 |
| 9/28/2019 | Paralegal Chris Lewis e-filing Motion to Compel | $80 | 1 | $75.00 | 0 | Clerical | $0.00 |
| 9/28/2019 | Law Clerk Robert Ruano reviewed Minute Order | $150 | 0.25 | $125.00 | 0 | Duplicative | $0.00 |
| 9/28/2019 | Managing Partner Julie Goldberg reviewed Minute Order | $500 | 0.25 | $205.25 | 0.25 | | $51.31 |
| 9/28/2019 | Senior Attorney Eric Hisey legal research and drafting regarding sanctions | $450 | 11 | $205.25 | 11 | | $2,257.75 |
| 9/29/2019 | Paralegal Amir Ali Diversity Lottery research | $80 | 4 | $75.00 | 4 | | $300.00 |
| 9/29/2019 | Paralegal Amir Ali affidavit taking/preparation | $80 | 2 | $75.00 | 2 | | $150.00 |

| Date | Action | Rate sought | Hours sought | Final rate | Final hours | Reason | Award |
|------|--------|-------------|--------------|------------|-------------|--------|-------|
| 9/29/2019 | Attorney Mehgan Gallagher research and drafting | $300 | 8 | $205.25 | 8 | | $1,640.00 |
| 9/29/2019 | Law Clerk Robert Ruano reviewed docket entry | $150 | 0.33 | $125.00 | 0 | Duplicative or Excessive | $0.00 |
| 9/29/2019 | Managing Partner Julie Goldberg reviewed docket entry | $500 | 0.33 | $205.25 | 0.33 | | $67.73 |
| 9/29/2019 | Managing Partner Julie Goldberg review, edit and finalize Brief | $500 | 2 | $205.25 | 2 | | $410.50 |
| 9/29/2019 | Law Clerk Robert Ruano filed Brief in support of Sanctions | $150 | 0.5 | $125.00 | 0 | Clerical | $0.00 |
| 9/29/2019 | Law Clerk Robert Ruano reviewed docket entry | $150 | 0.33 | $125.00 | 0 | Duplicative or Excessive | $0.00 |
| 9/29/2019 | Managing Partner Julie Goldberg reviewed docket entry | $500 | 0.33 | $205.25 | 0.33 | | $165.00 |
| 9/29/2019 | Paralegal Amir Ali research for response to Defendant's affidavit | $80 | 4 | $75.00 | 4 | | $300.00 |
| 9/29/2019 | Senior Attorney Eric Hisey research and drafting response to OC non- compliance | $450 | 7 | $205.25 | 7 | | $1,436.75 |
| 9/29/2019 | Managing Partner Julie Goldberg drafting Response to Defense Declaration | $500 | 2 | $205.25 | 2 | | $410.50 |
| 9/29/2019 | Law Clerk Robert Ruano filed Response to Declaration | $150 | | $125.00 | 0 | Clerical | $0.00 |
| 9/29/2019 | Law Clerk Robert Ruano reviewed court order | $150 | 0.25 | $125.00 | 0 | Duplicative or Excessive | $0.00 |
| 9/29/2019 | Managing Partner Julie Goldberg reviewed Minute Order | $500 | 0.25 | $205.25 | 0.25 | | $125.00 |
| | Printing and Copying costs | $1,600 | n/a | $0.00 | | Vague | $0.00 |
| | Travel Expenses (gas, flights, hotels, etc.) | $3,567 | n/a | $0.00 | | Vague | $0.00 |
| **Total** | | | | | | | **$25,952.18** |

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28